BRETSCHER, Plaintiff-Appellee, v. ROBINSON, Supt. of Insurance, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2335. Decided April 26, 1956.

Pickrel, Schaefer & Ebeling, By William H. Selva, of Counsel, Dayton, for plaintiff-appellee.

C. William O'Neill, Atty Genl., By Franklin A. Kropp, Asst. Atty Genl., Columbus, for defendant-appellant.

(DEEDS and CONN, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By DEEDS, J.

This is an appeal on questions of law from a judgment of the court of common pleas of Montgomery County entered in vacating the order of defendant-appellant revoking the agency licenses of plaintiff-appellee.

The order of the defendant-appellant, as Superintendent of Insurance, State of Ohio, revoking agency licenses of the plaintiff-appellee was made after a hearing pursuant to notice by registered mail, which notice was as follows:

"In accordance with your written request, a hearing to determine your suitability to be licensed in accordance with §§3905.08 and 3905.18 R. C., will be held in the office of the Superintendent of Insurance on Tuesday, April 13, 1954, at 2:00 P. M. E. S. T., in the State House Annex, Columbus, Ohio."

The order of the Superintendent of Insurance revoking the license of the plaintiff-appellee is in part as follows:

"This matter came on for hearing on April 13, 1954, to determine the suitability of William A. Bretscher to remain licensed by this Division as an accident and health insurance agent for the Mutual Benefit Health and Accident Association, Continental Casualty Company and All American Casualty Company, and was held pursuant to the written request of Mr. Bretscher.

\*     \*     \*     \*     \*

"Witnesses were sworn, testimony taken and evidence introduced. After due consideration of the evidence it is the finding of the Superintendent of Insurance that Mr. Bretscher is not a suitable person to be licensed by this Division as required by the provisions of §§3905.08 and 3905.18 R. C. It is therefore ordered that the licenses held by him as specified above be and the same hereby are revoked.

\*     \*     \*     \*     \*

"The applicant is hereby notified that an appeal may be taken from this order in accordance with §119.12 R. C., to the Court of Common Pleas of the county in which his place of business is located, or of the county in which he resides, and notice of such appeal must be filed with the proper court and this Division within fifteen days after the mailing of this notice."

The pertinent provisions of §119.12 R. C., relating to the right of appeal from the order of the Superintendent of Insurance, to which Section reference is made by the Superintendent as appears in the order as quoted above, provides in part as follows:

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under §§119.01 to 119.13, inclusive, R. C., over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. **The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action.** At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in §§2505.01 to 2505.45, inclusive, R. C. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and deter-

mine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record. * * *"

The judgment entry of the court of common pleas wherein it is determined that the order "revoking the license held by William A. Bretscher is not in accordance with law," etc., is as follows:

"This day this cause came on to be heard upon the appeal of William A. Bretscher from an order of Walter A. Robinson, Superintendent of Insurance of the State of Ohio, revoking insurance agent's licenses heretofore issued by said superintendent to appellant, and the court, upon consideration of the record of the administrative proceedings, the briefs and arguments of counsel, finds that the order issued by Walter A. Robinson, Superintendent of Insurance, revoking the licenses held by William A. Bretscher is not in accordance with law in that said order does not recite nor contain a finding of fact upon which said order is based.

"Wherefore, it is Ordered, Adjudged and Decreed that the order of Walter A. Robinson, Superintendent of Insurance, revoking the licenses held by appellant be, and the same hereby is, reversed and vacated and appellant's insurance agent's licenses, affected by such order, are hereby restored to him.

"It is further ordered that a mandate be sent to the Superintendent of Insurance in accordance with this judgment.

Mills

Judge, Common Pleas Court,

Montgomery County, Ohio"

The principal error complained of and relied upon by the appellant determinative in our view of this appeal on questions of law is that §3905.18 R. C., was not pertinent and applicable, in a determination and revocation of the licenses of plaintiff-appellee by the Superintendent of Insurance, notwithstanding the notice of the hearing, the hearing and the order of the Superintendent revoking the licenses of the plaintiff-appellee were all pursuant to §3905.18 R. C., as appears from the notice, the proceedings and order of revocation quoted above. It is our view that §119.12 R. C., authorized the trial court to make the finding and enter the judgment which is now before this court for review. We determine, therefore, that the judgment of the court of common pleas should be and the same is affirmed for the reason that no error prejudicial to the appellant is disclosed by the record and judgment.

Reference is made to the opinion of the trial court and same is approved by this Court.

The judgment affirming the judgment of the court of common pleas shall be certified to the office of the Superintendent of Insurance in accord with the requirements of the law.

HORNBECK and CONN, JJ, concur.